## W. H. BEAN v. STATE.

No. A-4469. Opinion Filed Sept. 12, 1924.
(228 Pac. 530.)

(Syllabus.)

**Intoxicating Liquors—Unlawful Possession—Insufficient Evidence.** Evidence upon the trial of an information charging that the defendant did have possession of intoxicating liquors with intent to sell the same considered, and held insufficient to sustain a conviction.

Appeal from County Court, Carter County; M. F. Winfrey, Judge.

W. H. Bean, convicted of violating the prohibitory liquor law, appeals. Reversed.

J. H. Mathers, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J. This appeal is from a judgment of conviction rendered on a verdict of a jury finding W. H. Bean guilty on a charge that on or about the 9th day of July, 1922, he did have in his possession intoxicating liquor with the unlawful intention of selling the same; the punishment having been assessed at a fine of $50 and confinement for 90 days in the county jail.

The errors assigned are that the verdict is not sustained by sufficient evidence, and is contrary to law and the evidence, and that the court erred in admitting incompetent evidence, which was excepted to at the time. The facts shown by the testimony of the state's witnesses, Bob Short and Bob Bell, deputy sheriffs, are that they visited defendant's home on the date alleged and searched the premises, and in an old post hole about 50 yards in front of the house found one-half a gallon of corn whisky; that the road there seemed much traveled in circles; that while they were

there defendant returned to his home in a truck, and they arrested him; that the place had a bad reputation.

Testifying as a witness in his own behalf, defendant stated that he rented the house from Mr. Colbert, June 12, 1922, and had lived there with his wife and three children nearly a month; that he was the owner of a truck, and made his living trucking and hauling; that the tracks on the road were made by his car; that he had been to Texas for about a week or 10 days, returning while the officers were at his home; that he did not have possession of the place where the officers claimed to have found the whisky; that he never dug any post holes on the place, never did have any whisky on the place, never kept or sold whisky, and had never been charged with selling whisky; that he stepped the distance from his house to where the officers said they found the whisky, and it was 218 steps.

Tested by the rules of circumstantial evidence, the testimony does not, in our opinion, prove possession, and was insufficient as a matter of law to overcome the presumption of innocence.

The judgment of the lower court is accordingly reversed.

MATSON, P. J., and BESSEY, J., concur.